UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
BERNADETTE YOUNKER, :
:
                 Petitioner, :
:
        -v.- :     05 Cr. 827 (JES)
:     07 Civ. 4707 (JES)
:
UNITED STATES OF AMERICA, :
:
                 Respondent. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO DEFENDANT BERNADETTE YOUNKER'S
PETITION UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

**PRELIMINARY STATEMENT**

       The United States respectfully submits this brief in response to defendant Bernadette Younker's Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (the "Petition").

       As set forth below, the Petition must be dismissed. Younker's claims as to ineffective assistance of counsel fail to meet the standard established by the United States Supreme Court in <u>Strickland v. Washington</u>, and otherwise have no basis in law or fact. Younker's remaining claims are procedurally barred and, in any event, fail on the merits.

**STATEMENT OF FACTS**

    A.    **The Offense Conduct**

Younker is a national of Great Britain, and entered the United States in 1980. On February 21, 1992, Younker was convicted of possession of a criminal substance with intent to distribute in the second degree, in Union County Superior Court, Elizabeth, New Jersey, and sentenced to seven years' imprisonment. On December 2, 1994, Younker was removed from the United States to England.

Younker subsequently re-entered the United States without the permission of the Attorney General. She was arrested on February 8, 1997, using the name "Theresa Regis." She was then convicted on May 12, 1997, of attempted petit larceny, in Nassau County First District Court, Hempstead, New York. On July 30, 2000, again posing as "Theresa Regis," Younker was charged with petit larceny in Nassau County First District Court, Hempstead, New York, for attempting to steal a DVD player and a toy battery pack from a store. Then on July 28, 2004, Younker was again arrested under the name "Theresa Regis" for committing welfare fraud. She was charged in Queens Criminal Court with grand larceny in the third degree and welfare fraud in the third degree. Younker did not return to court as ordered.

On May 24, 2005, Younker was arrested and charged with bail jumping in the second degree because she failed to return to Queens Criminal Court to face the charges of welfare fraud. After her arrest for bail jumping, Younker was held in custody and was determined to be an illegal alien who previously had been deported. Younker was transferred to an immigration detention center in Manhattan, and on August 12, 2005, she was arrested on the charge of illegal reentry into the United States, in violation of Title 8, United States Code,

Sections 1326(a) and 1326(b)(2).

### B.    Younker's Plea Allocution and Sentencing

On September 13, 2005, Younker pleaded guilty before this Court on Count One of the Indictment.  Count One charged that Younker reentered the United States after having been deported for an aggravated felony, namely, the conviction in New Jersey Superior Court for possession of a criminal substance with intent to distribute.  Before the plea proceeding, the Government provided Younker with a letter pursuant to this Court's suggestion in United States v. Pimentel, 932 F.2d 1029 (2d Cir. 1991).  In the letter, the Government stated that it believed the Sentencing Guidelines applicable to Younker for this offense was 21, that Younker's criminal history category was III.  As a result, Younker faced a Guidelines range of 46 to 57 months.

At the plea, Younker stated, "I was deported in 1994 and later on I came back illegally and I was arrested on Rikers Island in 2004 and then I came here in 2005." (Tr. of Plea, September 13, 2005, at 13).  Younker further affirmed that she had been convicted of narcotics with possession with intent to distribute in New Jersey, for which she was later deported.  (Id.)

Prior to sentencing, the Probation Office presented the Presentence Report for Younker's case.  The Probation Office's Guidelines calculation were identical to those in the Government's letter.  The Probation Office then recommended that Younker receive a sentence of 50 months' imprisonment because of her previous criminal history, which indicated a "high risk of recidivism."

By letter dated December 8, 2005, counsel for Younker urged the Court to sentence Younker to a non-Guidelines sentence because she illegally re-entered the United

States to be reunited with her family, and once she did, she worked hard to help raise her children.  Counsel for Younker also attached submissions from her parents, sisters, and children.

On December 15, 2005, this Court sentenced Younker.  Judge Sprizzo indicated that he had read Younker's sentencing letter and reviewed the PSR.  Judge Sprizzo also heard oral argument from Younker's counsel and heard a statement from Younker.  Younker's counsel argued that Younker should be given a non-Guidelines sentence because she was a "victim of a particular set of circumstances," and because of her "family situation."  This Court sentenced Younker to 46 months imprisonment.

Subsequently, Younker did file a direct appeal of the sentence, but not of the guilty plea.   Younker argued that Judge Sprizzo did not take into consideration all the factors under Section 3553(a), and gave undue weight to the now-advisory Sentencing Guidelines.  On October 15, 2006, the sentence was affirmed by the United States Court of Appeals for the Second Circuit.

        **C.**      **Younker's Petition**

Younker's first petition for relief under Title 28, United States Code, Section 2255 was rejected by the District Court for failure to state her reasons in support of her claim.  Younker then filed an amended petition for relief on July 3, 2007 (the "Petition").  Younker contends in the Petition that she received ineffective assistance of counsel because her attorney (1) "misled and intimadated [sic]" her into pleading guilty by telling her that the judge would be lenient and give her a less harsh sentence if she pleaded guilty; (2) failed to present arguments at sentencing, namely, that she self-surrendered, that she had been working and paying taxes, and that she had six children all of whom were United States citizens; (3) failed to challenge the

Government's claim on appeal that she had applied for public assistance in another name; and (4) told her that a petition she filed under Title 28, United States Code, Section 2241, was improper. Younker further argues that the prosecution failed to disclose to the defendant evidence favorable to the defendant, although she does not specify what that evidence was.

### ARGUMENT

**I.** **Younker's Ineffective Assistance of Counsel Claims Do Not Meet the Standards Set Forth In Strickland**

Younker's claims must satisfy the two-part standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on her ineffective assistance of counsel claims, Younker must (i) show that counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms," and (ii) "affirmatively prove prejudice." Strickland, 466 U.S. at 687-88, 693-94. See also Tueros v. Greiner, 343 F.3d 587, 591 (2d Cir. 2003) (defendant must "show both that counsel's performance was so deficient as to be 'outside the wide range of professionally competent assistance,' and that prejudice resulted because 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'") (citations omitted). Only if Younker satisfies both of these elements can she demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687.

Under the first prong of the Strickland test, the Court "must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' and be watchful 'to eliminate the distorting effects of hindsight,'" Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001) (quoting Strickland, 469 U.S. at 689). The Court also must "bear[] in mind that '[t]here are countless ways to provide effective assistance in any given case'

and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 689); see also Brown v. Doe, 2 F.3d 1236, 1246 (2d Cir. 1993) (counsel's performance must be evaluated in light of "criminal defendant's burden to 'overcome the strong presumption of attorney competence'") (quoting Kimmelman v. Morrison, 477 U.S. 365, 383 (1986)).

Even if Younker could overcome the presumption of effectiveness, she must also "affirmatively prove prejudice." Strickland, 466 U.S. at 693. Younker must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687; accord, e.g., Aparicio v. Artuz, 269 F.3d at 95; Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994); United States v. Javino, 960 F.2d 1137, 1145 (2d Cir. 1992). See also Sims v. Superintendent of Clinton Correctional Facility, 887 F. Supp. 571, 574 (S.D.N.Y. 1995) (defendant must "show that counsel's constitutionally ineffective assistance affected the outcome of the proceedings, which means that 'there is a reasonable probability that, but for counsel's errors, [the defendant] would not have plead guilty and would have insisted on going to trial.'")

Each of Younker's ineffective assistance of counsel claims fails to meet the stringent Strickland standard.

**A.    Counsel was not ineffective for telling her she would get a less harsh sentence if she pleaded guilty.**

Younker claims in the Petition that counsel was ineffective because he misled and intimidated her into pleading guilty by telling her that the judge would be lenient and give her a less harsh sentence if she pleaded guilty. Younker's claim cannot satisfy Strickland because her attorney's advice was not only reasonable, but correct.

By pleading guilty, Younker was entitled to a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. Section 3E1.1. As such, Younker's Sentencing Guidelines level was 21, and with Criminal History Category III, Younker faced a Guidelines range of 46 to 57 months' imprisonment. The Court then sentenced Younker to the bottom of the Guidelines range. If Younker had not pleaded guilty to the offense and gone to trial, Younker would be facing a Sentencing Guidelines level 24, which, with Criminal History Category III, would yield a Guidelines range of 51 to 63 months' imprisonment. Thus, Younker's counsel was correct in advising her that she would receive a less harsh sentence if she pleaded guilty.

Even assuming *arguendo* that her attorney's actions were unreasonable, which the evidence does not support, Younker must still affirmatively prove prejudice under Strickland. Younker makes no showing that she would not have pleaded guilty, absent alleged error by her attorney. The defendant indicated at the plea that she had been able to communicate with her attorney (Tr. at 6), that she understood there were no promises made about sentencing or anything else in connection with the guilty plea (Tr. at 7, 8), and that she understood that she would be at the risk of whatever sentence the Court thought was appropriate (Tr. at 7). Thus, it is clear from the record that the defendant would have proceeded with the plea regardless of her attorney's actions.

  **B.**  **Counsel was not ineffective for allegedly failing to make certain arguments at sentencing.**

Younker asserts that her counsel failed to make certain arguments at sentencing. Specifically, Younker claims that counsel failed to advise the judge that (1) she self-surrendered;

(2) she had been working and paying taxes; and (3) she had six children all of whom were United States citizens. Defense counsel, however, did, in fact, make these arguments, and Younker's claim is plainly incorrect, as a review of the sentencing transcript and defense counsel's submission to the Court before sentencing indicates.

Counsel for Younker made a submission to the Court, including letters from her children and from the defendant herself, making substantial arguments about her family circumstances and about her non-criminal conduct after returning to the United States. At the sentencing hearing, counsel further advised the court that Younker "turned herself in on an open bench warrant in May." (Tr. at 8). He further stated that Younker "has a really wonderful family here in the United States," and that all she wanted to "do is to be reunited with her family, her children." (Tr. at 2, 3). The Court indicated that he was aware of her family circumstances, and that he "felt bad for the family." (Tr. at 4). Thus, Younker's claim is plainly wrong as a matter of fact.

### C.   Counsel was not ineffective for allegedly failing to challenge the Government's claim on appeal regarding her use of another name.

Younker claims that defense counsel failed to challenge the Government's claim on appeal that she had applied for public assistance in another name. Younker, however, fails to state how that alleged failure was improper or how it would have affected the outcome of the case.

As the PSR makes clear, Younker was found in this country because she had been arrested for welfare fraud under a different name, Theresa Regis. Younker, however, does not deny that she illegally reentered the country–indeed, she admitted this in her plea allocution. Younker does not even claim that, as part of the underlying case before this Court, defense

counsel should have argued that she did not apply for public assistance under a different name. The PSR in this case made reference to Younker's arrest for welfare fraud under the name "Theresa Regis," but defendant submitted no correction to the Probation Office. This is because she simply could not–she had been arrested under the name Theresa Regis for charges of welfare fraud. That much is indisputable. Whether or not she actually applied for welfare assistance under her own name certainly doesn't preclude the fact that she also applied under a different name. As such, it would have been irrelevant (and factually impossible) for defense counsel to argue on appeal that the facts alleged by the Government were not true.

### D.  Counsel was not ineffective in allegedly advising her that her petition under Section 2241 was improper.

Younker filed a petition pursuant to Title 28, United States Code, Section 2241, in the Eastern District of New York challenging the indictment against her because the indictment was allegedly based upon an unlawful removal order.[1] Younker's petition was, in fact, improper because, among other reasons, (1) the district court does not have jurisdiction to review an removal order; and (2) Younker has not exhausted her administrative remedies.

Pursuant to Title 8, United States Code, Section 1252(a)(1)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [certain] criminal offenses," including narcotics offenses. This portion of Section 1252 was amended on May 11, 2005; Younker's Section 2241 petition was filed on August 17, 2005. Moreover, Younker was most recently ordered removed by an immigration judge on July 24, 2005, and she did not file an appeal with the Bureau of

---

[1] That petition has been transferred to this Court.

Immigration Appeals. As such, she did not exhaust her administrative remedies. Thus, counsel was not constitutionally ineffective in properly advising her that her Section 2241 petition was meritless.

## II. Younker's Claim That The Government Failed To Disclose Evidence Favorable To The Defendant Is Baseless

Beyond her own self-serving and conclusory statement, Younker provides no specifics about the evidence that the Government allegedly failed to disclose to her. Wary of such allegations, courts in this Circuit consistently have required evidence beyond a defendant's unsupported, self-serving statements. See, e.g., United States v. Gordon, 156 F.3d 376, 380-81 (2d Cir. 1998)(self-serving claims must be supported by objective evidence); United States v. Aiello, 814 F.2d 109, 113-14 (2d Cir. 1987) ("the application must contain assertions of fact that a petitioner is in a position to establish by competent evidence"); Davison v. United States, 2001 WL 883122, at *7-9 (S.D.N.Y. 2001) (blanket assertions of ineffective assistance in self-serving affidavit are insufficient to sustain burden). Here, Younker has provided nothing beyond an unsupported, general accusation. The Government is well aware of its obligations under Brady v. Maryland, and has complied with those obligations. Younker's claim here must fail.

## **CONCLUSION**

For the foregoing reasons, the Petition should be dismissed and this Court should not grant a certificate of appealability under 28 U.S.C. § 2253(c)(1)(B).

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York,
                              Attorney for the United States
                                        of America

                              By:___/s_____
                              CHRISTINE Y. WONG
                              Assistant United States Attorney
                              (212) 637-2460

## CERTIFICATE OF SERVICE

       I, Christine Wong, certify that on this 4th day of October 2007, a copy of the Government's Response to Defendant BernadetteYounker's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, was sent via First Class Mail to:

>Bernadette Younker
>Petitioner Pro Se
>Prisoner No. 58128-054
>FCI Danbury
>Federal Correctional Institution
>Route 37
>Danbury, CT 06811

_____/s_____

Christine Y. Wong

Assistant United States Attorney

(212) 637-2460