```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
BERNADETTE YOUNKER,

          Petitioner,                    05 Cr. 827 (JES)
                                         05 Civ. 10457 (JES)
     - against -                         07 Civ. 4707 (JES)

UNITED STATES OF AMERICA,                MEMORANDUM OPINION
                                             AND ORDER
          Respondent.
-------------------------------x
```

**SPRIZZO, D.J.:**

*Pro se* petitioner Bernadette Younker filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 (hereinafter "§ 2241 Petition"), dated August 12, 2005. Petitioner challenges the Indictment against her on the grounds that the Indictment was allegedly based upon an unlawful removal order. On September 10, 2007, petitioner filed an Application for Appointment of Counsel pursuant to 18 U.S.C. § 3006A(g) for assistance with her § 2241 Petition. The Government submitted a Response to petitioner's § 2241 Petition, dated October 18, 2007.

Petitioner pled guilty to the charge of illegal reentry after deportation and was sentenced on December 15, 2005. Petitioner filed a motion to Vacate, Set Aside, or Correct her sentence under 28 U.S.C. § 2255, dated January 15, 2007. Petitioner then submitted an amended motion pursuant to 28 U.S.C. § 2255, dated June 24, 2007 (hereinafter "§ 2255 Petition"). Petitioner challenges her sentence on the ground of ineffective assistance of counsel. The Government submitted a Response, dated October 4,

2007.  For the reasons set forth below, the Court hereby dismisses both petitions and denies petitioner's Application for Appointment of Counsel.

## BACKGROUND

Petitioner, a citizen of Great Britain, was a resident of the United States. See Govt.'s Mem. of Law in Opposition to Def.'s § 2255 Petition at 2 (Govt.'s § 2255 Mem.).  On February 21, 1992, she was convicted of possession of a criminal substance with intent to distribute in the second degree. See id.  The Court sentenced her to a term of imprisonment of seven years. See id.  As a result of petitioner's conviction, an immigration judge ordered her removed from the United States on December 2, 1994. See id.

Petitioner subsequently reentered the United States without the permission of the Attorney General. See id.  After several convictions for crimes including attempted petit larceny and petit larceny, petitioner was determined to be an illegal alien who had previously been deported. See id.  On August 12, 2005, petitioner was arrested for illegal reentry after deportation. See id. Petitioner then filed a § 2241 Petition, challenging the Indictment against her on the grounds that the Indictment was allegedly based upon an unlawful removal order. See § 2241 Petition.

On September 13, 2005, petitioner entered a plea of guilty to the charge of illegal reentry into the United States after deportation. See Govt.'s § 2255 Mem. at 3; § 2255 Petition at 2.

Before the plea proceeding, the Government informed petitioner that she faced a Sentencing Guidelines range of 46 to 57 months' imprisonment. See Govt.'s § 2255 Mem. at 3.  On December 15, 2005, this Court sentenced petitioner to 46 months' imprisonment. See id. at 4; § 2255 Petition at 2; Sentencing Tr. dated Dec. 15, 2005, at 13.  Petitioner filed a direct appeal of that sentence, which was affirmed by the United States Court of Appeals for the Second Circuit. See id.; Govt.'s § 2255 Mem. at 4; § 2255 Petition at 3.

On January 15, 2007, petitioner filed a § 2255 Petition, arguing that she received ineffective assistance of counsel at her sentencing hearing.  By Order dated June 4, 2007, Chief Judge Kimba Wood granted petitioner 60 days to amend her motion to comply with Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Petitioner then filed the instant § 2255 Petition.

**DISCUSSION**

I.  Petitioner's § 2241 Petition

On August 12, 2005, Petitioner was arrested for illegal reentry into the United States. See Govt.'s Mem. of Law in Opposition to Def.'s § 2241 Petition at 4 (Govt.'s § 2241 Mem.). Petitioner filed a § 2241 Petition challenging the Indictment against her because the Indictment was allegedly based upon an unlawful removal order. See § 2241 Petition.  Specifically, petitioner argues that the immigration judge's failure to inform

her of her right to seek discretionary relief under 212(h) of the Immigration and Nationality Act was procedural error sufficient to render the deportation order fundamentally unfair. See id.

To the extent petitioner is merely challenging a final order of deportation, § 2241 offers her no avenue to relief.  On May 11, 2005, the Real ID Act of 2005, Pub. L. No. 109-13, § 106, 119 Stat. 231 (May 11, 2005) was enacted.  Under Section 106 of the Act, a "petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act."  Therefore, the REAL ID Act clearly deprives this Court of jurisdiction over the petitioner's claim.

Notwithstanding the jurisdictional bar to petitioner's claim, such a challenge would nonetheless be futile.  It is well-settled that a guilty plea in a criminal case "foreclose[s] direct inquiry into the merits of claimed antecedent constitutional violations." Tollett v. Henderson, 411 U.S. 258, 266 (1973).  As the Supreme Court further explained, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. at 267.  Since petitioner pled guilty to the Indictment on September 13, 2005, she cannot continue to challenge the Indictment under any form of

habeas proceeding.  Accordingly, the Court hereby dismisses petitioner's § 2241 Petition and finds that the interests of justice do not require that she be provided with representation. See 18 U.S.C. § 3006A(g).  As such, the Court hereby denies petitioner's Application for Appointment of Counsel.

    II.  Petitioner's § 2255 Petition

On December 15, 2007, this Court sentenced petitioner to 46 months' imprisonment. See Govt.'s § 2255 Mem. at 4; § 2255 Petition at 2; Sentencing Tr. dated Dec. 15, 2005, at 13.  Petitioner filed a § 2255 Petition challenging her sentence on the ground of ineffective assistance of counsel.  To prevail on a claim for ineffective assistance of counsel, petitioner must show (1) that counsel's representation fell below "an objective standard of reasonableness," and (2) that she was prejudiced by counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984).  When applying the Strickland standard, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.  "The court's central concern is not with grad[ing] counsel's performance, . . . but with discerning whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990)(internal quotations omitted).

5

First, petitioner argues that counsel "misled and intimadated [sic]" her into pleading guilty by telling her that the Judge would be lenient. See § 2255 Petition at 5.  There is no indication, however, that counsel misled or intimidated petitioner in any way. By pleading guilty, petitioner was entitled to a three-level reduction for acceptance of responsibility, which she received. See Govt.'s § 2255 Mem. at 7.  As such, petitioner's Sentencing Guidelines level was 21, and with Criminal History Category III, petitioner faced a Guidelines range of 46 to 57 months' imprisonment. See id.  The Court then sentenced petitioner at the bottom of the Guidelines range. See id.; Sentencing Tr. dated Dec. 15, 2005, at 13.  If petitioner had not pled guilty to the offense, she would be facing a Sentencing Guidelines level 24, which, with Criminal History Category III, would yield a Sentencing Guidelines range of 51 to 63 months' imprisonment. See Govt.'s § 2255 Mem. at 7. Thus, petitioner's counsel was correct in advising her that she would receive a less harsh sentence if she pleaded guilty. Moreover, petitioner stated at the time she entered her guilty plea that she was satisfied with the advice that her attorney had given her, that she had a full opportunity to discuss the consequences of her guilty plea, that she was not pleading guilty as a result of any promises or threats, and that she understood that she was at risk of whatever sentence the Court deemed appropriate. See Plea Tr. dated Sept. 13, 2007, at 4, 7-10.  As such, petitioner's first

argument for ineffective assistance of counsel is without merit.

Second, petitioner argues that her counsel failed to present arguments at sentencing, namely, that she self-surrendered, that she had been working and paying taxes, and that she has six children all of whom are United States citizens. See § 2255 Petition, Attachment 1.  Petitioner's counsel did, in fact, inform the Court of these arguments. See Govt.'s § 2255 Mem. at 8; Sentencing Tr. dated Dec. 15, 2005, at 2-4, 8.  Petitioner's counsel made a submission to the Court, including letters from petitioner's children and from petitioner herself, making substantial arguments about her family circumstances and about her non-criminal conduct after returning to the United States. See Govt.'s § 2255 Mem. at 8.  At the sentencing hearing, petitioner's counsel further informed the Court that she "turned herself in on an open bench warrant in May," see Sentencing Tr. dated Sept. 15, 2007, at 8, and that she "has a really wonderful family here in the United States." See id. at 2.  As a result, this Court sentenced petitioner to the bottom end of the Guidelines range. See id. at 13.  Because it is clear from the record that counsel did indeed raise these arguments to the Court, petitioner's second argument for ineffective assistance of counsel is without merit.

Third, petitioner argues that her counsel failed to challenge the Government's claim that she applied for public assistance in another name. See § 2255 Petition at 5.  As the Pre-Sentence Report

7

makes clear, petitioner was arrested for charges of welfare fraud under the name "Theresa Regis." See Govt.'s § 2255 Mem. at 8. Petitioner did not submit any corrections to the Probation Office. See id. at 9. As such, petitioner's counsel could not argue on appeal that the facts alleged by the Government were not true, and petitioner's third argument for ineffective assistance of counsel is without merit.

Fourth, petitioner argues that her counsel erred in advising her that the § 2241 Petition that she filed was improper. See § 2255 Petition, Attachment 1. Petitioner filed a § 2241 Petition challenging the Indictment against her because the Indictment was allegedly based upon an unlawful removal order. See § 2241 Petition. Even accepting that allegation as true, counsel's advice was correct, as petitioner's § 2241 Petition was in fact improper. To the extent petitioner is merely challenging a final order of deportation, this Court lacks jurisdiction over petitioner's claim. See 8 U.S.C. 1252(a)(5), as amended by REAL ID ACT, § 106(a). Regardless, such a challenge would nonetheless be futile as petitioner has already pled guilty to the Indictment. See Govt.'s § 2255 Mem. at 3; § 2255 Petition at 2. Thus, petitioner's fourth argument for ineffective assistance of counsel is without merit.

Petitioner further argues that the Government failed to disclose evidence favorable to the defendant, although she provides no specifics about the evidence that the Government allegedly

8

failed to disclose to her. See § 2255 Petition at 5. Petitioner has provided no facts whatsoever, but has simply alleged some vague, unsubstantiated accusation. See, e.g., United States v. Gordon, 156 F.3d 376, 380-81 (2d Cir. 1998)(self-serving claims must be supported by objective evidence); United States v. Aiello, 814 F.2d 109, 113-14 (2d Cir. 1987)("the application must contain assertions of fact that a petitioner is in a position to establish by competent evidence"). Therefore, petitioner's claim is without merit.

In sum, petitioner's ineffective assistance of counsel claim falls well short of the Strickland standard, as petitioner fails to provide examples of counsel's representation falling below an objectively reasonable standard or explain how she was prejudiced by counsel's allegedly deficient performance-especially here, where petitioner was sentenced at the very bottom of the Sentencing Guidelines range for the crime to which she pled guilty.

## CONCLUSION

For the reasons stated above, the Court hereby dismisses both petitions and denies petitioner's Application for Appointment of Counsel.

It is **SO ORDERED**.

DATED:   New York, New York
         January 25, 2008

                                          _____
                                          John E. Sprizzo
                                          United States District Judge

**APPEARANCES**

Bernadette Elaine Younker
Register # 58128-054
Petitioner, Pro Se
FCI Danbury
Federal Correctional Institution
Route 37
Danbury, CT 06811


MICHAEL J. GARCIA
UNITED STATES ATTORNEY,
SOUTHERN DISTRICT OF NEW YORK
Attorney for Respondent
86 Chambers Street, 4th Floor
New York, NY 10007

    CHRISTINE Y. WONG
    ASSISTANT UNITED STATES ATTORNEY

    Of Counsel